**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50206 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00861-PSG |
| v. | |
| JERMAINE THOMAS, a.k.a. Snaps, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted April 11, 2018**

Before: SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Jermaine Thomas appeals pro se from the district court's denial of his ex

parte application. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Thomas, who is serving a state sentence and subject to a federal detainer

arising from a petition alleging violations of supervised release conditions imposed

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

in his 2011 federal drug conviction sentence, requested that the district court: order his transfer to federal custody, rule on his revocation, and sentence him to a federal term concurrent with his state term. The district court's denial of Thomas's ex parte application was neither in error nor violative of his due process rights. *See Moody v. Daggett*, 429 U.S. 78, 86-87 (1976) (rejecting argument that parole board should have executed warrant immediately so that defendant's imprisonment for parole violation could run concurrently with prior sentence); *United States v. Garrett*, 253 F.3d 443, 450 (9th Cir. 2001) (federal government is not required to writ a defendant out of state custody and bring him before the federal district court for a revocation hearing before the conclusion of state custody).

We reject as unsupported Thomas's contentions that the district court erred by omitting its reasoning from its order, not ordering federal authorities to respond to the application, and not appointing counsel sua sponte.

**AFFIRMED.**